Filed 6/14/21  P. v. Melendez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>HENRY ERNESTO MELENDEZ,<br><br>        Defendant and Appellant. | F080602<br><br>(Super. Ct. No. BF162648A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Henry Ernesto Melendez appeals from the trial court's resentencing after remand to allow the trial court to exercise its discretion under Penal Code sections 12022.5,

---

[*]        Before Franson, Acting P.J., Smith, J. and Snauffer, J.

subdivision (c) and 12022.53, subdivision (h) to strike or dismiss either one or more of the firearm enhancements.[1] Melendez's appellate counsel has filed a brief that raises no issues for appeal and asks this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having conducted that review, we affirm the judgment.

## SUMMARY OF THE CASE AND FACTS

On December 14, 2015, Daniel Cervantes brought home an eight-pound bag of marijuana from the marijuana collective where he worked. Early the following morning, two masked men broke into the home while the Cervantes family slept. The noise woke Cervantes, who grabbed a handgun from his nightstand when he saw the men run down the main hallway past his bedroom door. Concerned for himself and his family, he fired several shots as the men ran by his bedroom. Cervantes then grabbed a rifle and followed the men down the hallway. One of the intruders, Melendez, stepped out of the bathroom and pointed something at Cervantes. Cervantes opened fire and Melendez fled back into the bathroom and closed the door.

Cervantes's next door neighbor was awakened by the sound of breaking glass. He looked out the window and saw Melendez climb out of the Cervantes' bathroom window and take off on foot. The neighbor called 911 and police responded to the scene immediately and spotted Melendez walking a short distance from the Cervantes home. Melendez had a gun in his hand and was wearing gloves and a bulletproof vest. He had been shot and was transported to the hospital where he was treated for several gunshot wounds.

Later, at the hospital, Melendez told a detective he broke into the house looking for money and cocaine. Melendez identified his crime partner as a man he knew only by

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

a nickname. At trial Melendez admitted breaking into the Cervantes' home, but that he did so under duress.

Melendez was found guilty in count 1 of residential burglary (§ 460, subd. (a)), in count 2 of attempted first degree robbery (§§ 664/212.5, subd. (a)), and in count 3 of assault with a semiautomatic firearm (§ 245, subd. (b)). Various special allegations were found true: as to all counts, that Melendez wore body armor during the commission of the offense (§ 12022.2, subd. (b)); as to count 1, that another person other than an accomplice was present making the offense a violent felony (§ 667.5, subd. (c)(21)); as to count 2, that Melendez personally used a firearm (§ 12022.53, subd. (b)); and in counts 1 and 3, that Melendez personally used a firearm (§ 12022.5, subd. (a)).

Melendez received a total prison sentence of 18 years: on count 3, the midterm of six years, plus the maximum 10-year term for the section 12022.5, subdivision (a) enhancement and midterm of two years for the section 12022.2, subdivision (b) enhancement; on count 2, the imposed and stayed midterm of two years, plus a 10-year term for the section 12022.53, subdivision (b) enhancement and midterm of two years for the section 12022.2, subdivision (b) enhancement; and on count 1, the imposed and stayed midterm of four years, plus the maximum 10-year term for the section 12022.5, subdivision (a) enhancement and a midterm of two years for the section 12022.2, subdivision (b) enhancement.

Upon Melendez's initial appeal (*People v. Melendez* (Mar. 22, 2019, F074520) [nonpub. opn.]), we affirmed the judgment of conviction but remanded for the trial court to hold a resentencing hearing with the limited purpose of exercising its discretion under sections 12022.5, subdivision (c) and 12022.53, subdivision (h), which became effective January 1, 2018, pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) while Melendez's appeal was pending.

At the ordered January 8, 2020, resentencing hearing following remand, at which Melendez was present and represented by counsel, the trial court struck several

3.

enhancements and resentenced Melendez to state prison for the aggregate term of 14 years: on count 2, the midterm of two years, plus the maximum 10 years pursuant to section 12022.53, subdivision (b) and midterm of two years pursuant to section 12022.2, subdivision (b); on count 1 and 3, the terms and section 12022.2, subdivision (b) enhancements were imposed and stayed pursuant to section 654, and the section 12022.5, subdivision (a) enhancements stricken. Various fees and fines were imposed.

The abstract of judgment was corrected per our directions. Melendez appealed.

## DISCUSSION

We appointed counsel, who filed an opening brief on June 23, 2020, pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record for arguable issues. On that same date, this court notified Melendez, sent him a copy of the *Wende* brief, and informed him that he had 30 days from the filing of the brief to submit any claims, arguments, or issues that he wished our court to review.

On July 16, 2020, we received material ex parte from Melendez (dated July 13, 2020) in which Melendez acknowledged his current appeal and letter he received asking if he had any issues he wished to present. Melendez stated that his "only question" was whether the trial court could impose "more time" on his other charges "if they drop" the gun enhancements pursuant to Senate Bill No. 620.

On July 20, 2020, counsel for Melendez informed this court that he had written to Melendez four times since his appointment as counsel in February of 2020, the most recent being June 23, 2020. The letter stated that counsel would send another letter that day and attempt to schedule an attorney/client telephone call with the prison where Melendez was located.

As for the question posed by Melendez, on remand the trial court can exercise its discretion to reassess Melendez's total sentence, though it may not sentence him to a term in excess of the original. Here, the original term was for 18 years, the remanded imposed sentence for 14 years. (See *People v. Burns* (1984) 158 Cal.App.3d 1178, 1184 [trial

4.

court entitled to reconsider entire sentencing scheme on remand but may not sentence defendant to term in excess of original].)

We are satisfied no arguable issues exist and Melendez's counsel has fully satisfied his responsibilities under *Wende, supra,* 25 Cal.3d at page 441 and *People v. Kelly* (2006) 40 Cal.4th 106, at pages 123 to 124.

## DISPOSITION

The judgment is affirmed.